UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAN GRIGGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:21-cv-02067-JPH-MPB |
| | ) |
| WALMART, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Mr. Griggs filed a complaint against Wal-Mart for damages relating to an incident that took place in the Wal-Mart parking lot. Dkt. 4. But that complaint fails to state a claim upon which relief may be granted. *See id.* Mr. Griggs has also not paid the filing fee or filed a motion to proceed *in forma pauperis*.

**I.
Filing Fee**

Mr. Griggs has filed his complaint without paying the filing fee or demonstrating that he lacks the financial ability to do so. He **SHALL** either pay the $402 filing fee or seek leave to proceed *in forma pauperis* **by September 17, 2021**.

**II.
Screening**

**A. Screening standard**

The Court has the inherent authority to screen Mr. Griggs' complaint. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the

1

power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). The Court may dismiss claims within a complaint that fail to state a claim upon which relief may be granted. *See id.* In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## B. The complaint

Mr. Griggs alleges that he was approached in a Wal-Mart parking lot by a Wal-Mart employee and four Indianapolis Metropolitan Police Department ("IMPD") officers, arrested, taken inside the Wal-Mart, and forced to watch disturbing footage of his fiancé with another man. Dkt. 4. Mr. Griggs is suing Wal-Mart for "failure to protect, sexual deviance, torture, unlawful detention, and battery." *Id.* at 1.

The Court understands this action as brought under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right

secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). With respect to his claims for sexual deviance, torture, and battery, Mr. Griggs has not alleged a "specific constitutional right infringed." *Id.* These are crimes which do not provide him a private right of action.

With respect to his claims for failure to protect and unlawful detention, Mr. Griggs has not alleged that the deprivation was committed by a person acting under color of state law. "[A]cting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 48. The only named defendant in this case is Wal-Mart. Wal-Mart is not a state actor, it is a private entity. And Mr. Griggs has not alleged that "the state effectively transfer[ed] authority" to Wal-Mart. *Wilson v. McRae's, Inc.*, 413 F.3d 692, 693 (7th Cir. 2005).

Also, Mr. Griggs has not identified the four IMPD officers he alleges were involved in the incident. Any claim against these officers cannot proceed because "it is pointless to include anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted).

## III.
## Conclusion

Mr. Griggs **SHALL** either pay the $402 filing fee or seek leave to proceed *in forma pauperis* **by September 17, 2021**.

Mr. Griggs shall also have **until September 17, 2021**, to show cause why his claims should not be dismissed for failure to state a claim.  *See Thomas v. Butts*, 745 F.3d 309, 313 (7th Cir. 2014) (directing district courts to "first fir[e] a warning shot" before dismissing a complaint) (citation omitted). Failure to do so by that deadline will result in dismissal of this action without further notice.

The **clerk shall** include a form motion to proceed *in forma pauperis* and a form civil complaint with Mr. Griggs' copy of this order.

**SO ORDERED.**

Date: 8/16/2021

Distribution:

DAN GRIGGS
4067 Woodshire Place
Clayton, IN 46118

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

4